# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**JEANETTE JACKSON**                                                                                          **PLAINTIFF**

**v.**                                        **CASE NO. 4:07-CV-00276 GTE**

**UNITED PARCEL SERVICE, INC.**                                                                    **DEFENDANT**

## ORDER

Presently before the Court is Defendant's Bill of Costs. Defendant seeks $2,348.55 in costs for eight depositions.

Federal Rule of Civil Procedure 54, entitled "Costs Other than Attorneys' Fees," provides in pertinent part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.

Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920 defines "costs" and sets forth the categories of trial expenses awardable to a prevailing party under Rule 54(d), including, "Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1923(a).

While such costs "are presumed to be taxable, the Court must exercise discretion in assessing costs, only allowing taxation of costs for materials 'necessarily obtained for use in the case,' 28 U.S.C. § 1920, and in an amount that is reasonable." *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich.1995) *(citing Holmes v. Cessna Aircraft Co.,* 11 F.3d 63, 64 (5th Cir. 1994); *U.S. Industries,* 854 F.2d at 1245; *Griffith v. Mt. Carmel Medical Center,* 157 F.R.D. 499, 502 (D. Kan. 1994); *Voight,* 141 F.R.D. at 101). "In seeking costs under Rule 54(d), the

prevailing party has the burden of establishing that the expenses he seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920.  *Id.*

Federal Rule of Civil Procedure 54(d) has been interpreted as creating a presumption that costs are to be awarded to the prevailing party. *See Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S. Ct. 1146, 67 L. Ed. 2d 287 (1981); *Martin v. Daimler-Chrysler,* 251 F.3d 691, 696 (8th Cir.2001) (citations omitted).  "Despite this presumption, however, the district court has substantial discretion in awarding costs to a prevailing party." *Greaser v. State, Dept. of Corrections*, 145 F3d 979, 985 (8th Cir. 1998)(upholding district court's denial of costs to prevailing defendant in discrimination case).  Although some circuits are of the view that costs should only be denied to a prevailing party if it is guilty of some misconduct or other action worthy of penalty, it appears that the Eighth Circuit takes a broader view, finding that Rule 54(d)'s grant of discretion alone permits a court to deny costs. *Greaser*, 145 F.3d at 985.

Depositions that are merely investigative, preparatory, or useful for discovery, rather than for the presentation of the case typically are not taxable costs.  *See* Wright, Miller, & Kane, *Federal Practice and Procedure*, § 2676 at 428; *Koppinger v. Cullen-Schiltz and Assocs.*, 513 F.2d 901, 911 (8th Cir. 1975) ("[T]he expense of depositions not used at the trial [can] be taxed provided they were reasonably necessary for the case and not purely investigative in nature.").  This Court's policy is not to allow deposition costs to be recovered unless the deposition was used at trial or the requesting party makes a specific showing that the deposition was reasonably necessary for the case rather than purely investigative.  "The justification for taxing the expense of a deposition that is introduced in evidence also supports taxing the expense of a deposition

employed on a successful motion for summary judgment." *See* 10 Wright, Miller, & Kane, *Federal Practice and Procedure*, § 2676 at 423. "When a deposition is not actually used at trial or as evidence on some successful preliminary motion, whether its cost is taxable is determined by determining whether the deposition reasonably seemed necessary at the time it was taken." See 10 Wright, Miller, & Kane, Federal Practice and Procedure, § 2676 at 424.

Defendant seeks $895.00 for the depositions of Jeanette Jackson and Naaman Kelley; $300.00 for the depositions of Chris Stamper, Cedric Williams, and Danny Clark; $16.75 for the deposition of Marshall Watson; $73.50 for the deposition of Paul Hall; and $1,063.30 for the second deposition of Jeanette Jackson. Defendant submits invoices for each of the above depositions.

Plaintiff argues that the Court should decline to assess costs because to allow same here could have a chilling effect on plaintiffs bringing civil rights actions. Furthermore, Plaintiff argues that there was such limited precedent in the application of the term "adverse action" that Plaintiff should not be penalized for brining this cause of action, which she believed in good faith materially affected the terms and conditions of her employment.

Defendant responds by stating that the case cited by Plaintiff in support of her argument regarding the "chilling effect" on civil rights actions is a civil antitrust case that makes no reference to civil rights actions. Additionally, Defendant argues that a finding of bad faith is not required for awarding costs, and good faith does not constitute a sufficient basis for denying costs to a prevailing party. Finally, Defendant states that although it does not contend that Plaintiff brought her claim in bad faith, this lawsuit was unnecessary because, prior to the filing of this

lawsuit, the employment decision at issue was reversed through voluntary settlement during Defendant's grievance procedure that included a payment of full back pay to Plaintiff.

The Court notes that aside from Plaintiff's general objections to the taxation of costs, Plaintiff sets forth no specific challenges to the costs of the depositions. Plaintiff's depositions were clearly used in Defendant's successful Motion for Summary Judgment. Additionally, the depositions of Cedric Williams (UPS's District Labor Manager) and Paul Hall (Feeder Manager) were attached as exhibits to Defendant's motion and relied upon throughout. The deposition of Naaman Kelly (On-road Feeder Supervisor) was attached as an exhibit to both Plaintiff's Response to Defendant's Motion for Summary Judgment and Defendant's Reply and relied upon. The depositions of Marshall Watson (HR Manager) and Chris Stamper (On-road Feeder Supervisor) were attached as exhibits to Plaintiff's Response to Defendant's Motion for Summary Judgment. Danny Clark was responsible for the CDL license test and is referenced in Defendant's motion and the Court's Order. It is clear that the taking of these depositions reasonably seemed necessary at the time they were taken, as each of these individuals were involved with the facts surrounding Plaintiff's claim. Therefore, the Court awards the requested costs.

Accordingly,

IT IS THEREFORE ORDERED THAT Defendant's Bill of Costs (Docket No. 29) be, and it is hereby GRANTED. Costs in the amount of $2,348.55 are hereby awarded to Defendant.

IT IS SO ORDERED this 25th day of March, 2008.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE